**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEROY COOPER, III,

        Petitioner,

v.                                                                           Case No. 3:10-cv-951-J-32JRK

SEC'Y, FLA. DEP'T OF CORR. et al.,

        Respondents.

## ORDER

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 19, 2007 state court (Duval County) conviction for conspiracy to traffic in a controlled substance on six grounds. Respondents have responded. See Answer to Petition for Writ of Habeas Corpus (Doc. #15) (hereinafter Response). Petitioner has replied. See Petitioner's Reply to State's Response (Doc. #17).

In ground two, Petitioner contends that he received ineffective assistance of counsel for counsel's failure to: (1) request the trial court to give the principal jury instruction after giving the trafficking instruction and prior to giving the conspiracy instruction; (2) request a special jury instruction that the law of principals does not apply to the crime of conspiracy; and (3) object and request a curative instruction when the prosecutor misled the jury regarding the application of the law of principals to the crime of conspiracy. Petition at 9-11.

In response to ground two, Respondents acknowledge that in Wiggins v. McNeil, No. 08-22473-CIV, 2011 WL 3878335, at *10-14 (S.D. Fla. Aug. 31, 2011), the court granted habeas relief on the basis that appellate counsel was ineffective for failing to argue that the trial court erred in giving a principal jury instruction in connection with a conspiracy count. See Response at 35. In the Wiggins decision, the court relied in part upon Evans v. State, 985 So.2d 1105, 1106-07 (Fla. 3d DCA 2007) (finding that appellate counsel was ineffective for failing to challenge the trial court's overruling of a defense objection to the instruction on principals in connection with the conspiracy counts because evidence that a person aided and abetted another in the commission of an offense is insufficient to convict the person of conspiracy). However, Respondents argue that trial counsel in this case was not ineffective because the law with respect to this issue was unsettled at the time of Petitioner's trial, and counsel cannot be deemed ineffective for failing to anticipate a change in the law. Response at 36.

Although the Court has not prejudged this ground, the Court finds Respondents' argument to be unavailing because several cases predating Petitioner's trial held evidence that a person aided and abetted another in the commission of an offense is insufficient to convict the person of conspiracy. In fact, in Evans, the court relied upon Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979) (holding that acts of aiding and abetting cannot, without more, also make each actor a principal in the crime of conspiracy to commit such offense). The court in Evans also noted:

> Many other decisions state the proposition that "[c]onduct that aids and abets an offense is insufficient to prove conspiracy." McClain v. State, 709 So.2d 136, 137 (Fla. 1st

2

> DCA 1998) (citation omitted).  See Mickenberg v. State, 640 So.2d 1210, 1211 (Fla. 2d DCA 1994); Quinonez v. State, 634 So.2d 173, 174 (Fla. 2d DCA 1994); McCants v. State, 587 So.2d 673 (Fla. 1st DCA 1991); Garcia v. State, 548 So.2d 284, 285 (Fla. 3d DCA 1989); LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987); Ashenoff v. State, 391 So.2d 289, 291 (Fla. 3d DCA 1980).  "Mere presence at the scene is insufficient to establish a conspiracy."  Mickenberg, 640 So.2d at 1211.

Evans, 985 So.2d at 1107; see also Pisegna v. State, 488 So.2d 624, 625 (Fla. 4th DCA 1986) (per curiam) (finding that the trial court erred by instructing the jury on principals in a prosecution for conspiracy to traffic in cocaine, where the court had granted defendant's motion for judgment of acquittal on the substantive count of trafficking in cocaine).

Accordingly, the Court will appoint the Federal Public Defender to represent Petitioner and to file an additional brief addressing the claims raised in ground two and any other issues raised in the Petition that counsel may deem to be worthy of further discussion.  The Court will also administratively close this case to give counsel the opportunity fully research and brief these issues.

Therefore, it is now

**ORDERED:**

1. The Federal Public Defender is hereby appointed to represent Petitioner in this case.

2. The Clerk shall **ADMINISTRATIVELY CLOSE** this case.

3. Petitioner's counsel shall file a supplemental brief as described above on or before **May 12, 2014.**

4. Respondents shall file a brief in response no later than **June 13, 2014**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of March, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 3/10
c:
Leroy Cooper, III
Counsel of Record